Marcia **HOFFMEYER**, Appellant,

v.

Paul **HOFFMEYER**, Appellee.

No. 11–93–137–CV.

Court of Appeals of Texas, Eastland.

Jan. 20, 1994.

Rehearing Denied Feb. 24, 1994.

Sandra K. Houston, Fort Worth, Richard L. Schneider, Brunn & Flynn, Modesto, CA, Steven C. Laird, Russell, Turner, Laird & Jones, Fort Worth, for appellant.

James A. Harrison, Charles E. Waterbury, Gwin & Roby, Dallas, for appellee.

OPINION

DICKENSON, Justice.

Marcia and Paul Hoffmeyer had a sixteen-year-old son, John, who died from an accidental gunshot wound to the head. Among the claims filed in the trial court was a suit for wrongful death which was brought by Marcia against her ex-husband, Paul. After Marcia and Paul settled and dismissed their claims against John's friend, the young man who fired the fatal shot, the trial court entered a final summary judgment that Marcia take nothing from Paul. Marcia appeals. We affirm.[1]

■ Marcia argues in her sole point of error that summary judgment was improper because parental immunity does not bar her suit against Paul. In order to determine if the trial court erred in granting the summary judgment, we must consider the summary judgment evidence in the light most favorable to the non-movant, indulging all reasonable inferences in favor of the non-movant, in order to determine whether the movant proved that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. See, e.g., *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546 (Tex.1985).

### Facts Viewed in Non–Movant's Favor

On April 13, 1991, Paul showed John and John's friend how to shoot at the target which was located in Paul's workshop. The shop was behind his home. Paul left the indoor firing range to check on his other children. John was shooting at the target, and while Paul was gone from the indoor firing range, John's friend picked up a .22 caliber Ruger pistol from the table in the middle of the room. John's friend had unloaded that pistol earlier that morning, and he thought that it was still unloaded. However, Paul had reloaded the pistol and left it in plain view without telling John and his friend. As John's friend looked up to talk to John, the gun discharged a bullet which hit John in the head.

1. This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX.

### Parental Immunity

■ Marcia's cause of action for wrongful death is only viable if her son would have had a right to bring an action against his father for the injury if her son had lived. See TEX.CIV.PRAC. & REM.CODE ANN. § 71.003 (Vernon 1986). However, the right of a minor child to bring a tort action against his parents is restricted by the parental immunity doctrine. *Shoemake v. Fogel, Ltd.,* 826 S.W.2d 933 at 935 (Tex.1992). The purpose of the parental immunity doctrine is "to avoid undue judicial interference with parental discretion." *Shoemake v. Fogel, Ltd.,* supra at 936. Three exceptions to this doctrine have been created by the Texas Supreme Court: (1) intentional or malicious acts; (2) acts committed by a parent in an employer/employee relationship with his child; and (3) the negligent operation of an automobile. See *Jilani v. Jilani,* 767 S.W.2d 671 at 672 (Tex.1988); *Felderhoff v. Felderhoff,* 473 S.W.2d 928 at 931 (Tex.1971); *Hall v. Martin,* 851 S.W.2d 905 at 909 (Tex.App.—Beaumont 1993, writ den'd). In *Felderhoff* and *Jilani,* the court held that the doctrine of parental immunity applies to actions stemming from the "reasonable exercise of parental authority or the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child."

■ The trial court did not err in granting Paul's motion for summary judgment because Paul was protected by the parental immunity doctrine. Considering the facts most favorable to Marcia, we hold that Paul's actions (teaching his son how to shoot a gun; loading the gun and leaving it in plain view; failing to warn the boys that the gun was loaded; and failing to supervise the use of the gun) are the type of discretionary acts that are protected by the doctrine of parental immunity. The allegation of gross negligence in Marcia's suit against Paul for wrongful death does not preclude the application of the doctrine of parental immunity. See, e.g., *Hall v. Martin,* supra at 907 ("negligence and gross negligence suit"). The

GOV'T CODE ANN. § 73.001 (Vernon 1988).

doctrine restricts unemancipated minors from bringing "tort actions" against their parents for "unintentional errors or ordinary negligence" committed by the parents in the discharge of parental duties and responsibilities. *Felderhoff v. Felderhoff*, supra at 933; see also *Shoemake v. Fogel, Ltd.*, supra; *Jilani v. Jilani*, supra. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.